**FILED**

**In the United States District Court
For the District of Columbia**

MAR 1 4 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**TRW Automotive U.S. LLC,**
12001 TECH CENTER DR.
Livonia Michigan                     **Petitioner,**
                              48150
    v.

**Magna Electronics, Inc.,**
601 Abbott Road
EAST LANSING Michigan      **Respondent.**
                    48823

Case: 1:14-mc-00280
Assigned To : Howell, Beryl A.
Assign. Date : 3/14/2014
Description: Miscellaneous

MOTION FOR ISSUANCE OF A
LETTER OF REQUEST FOR
INTERNATIONAL JUDICIAL
ASSISTANCE REGARDING MOBILEYE
VISION TECHNOLOGIES LTD.

## MOTION OF TRW AUTOMOTIVE U.S. LLC FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE REGARDING MOBILEYE VISION TECHNOLOGIES LTD.

Petitioner TRW Automotive U.S. LLC ("TRW"), Complainant in *Certain Vision-Based*

*Driver Assistance System Cameras and Components Thereof,* Inv. No. 337-TA-899 before the

U.S. International Trade Commission ("ITC"), hereby moves the Court to issue, under its seal

and signature, the attached Letter of Request on behalf of TRW to obtain certain information and

deposition testimony from the following foreign third party:

> **Mobileye Vision Technologies Ltd.**
> 13 Hatom Street
> Har Hotzvim
> Jerusalem 97775, ISRAEL

Petitioner TRW moved in the ITC for the Chief Administrative Law Judge to recommend

that this Court issue a Letter of Request on behalf of TRW to obtain certain information and

deposition testimony on certain information from Mobileye Vision Technologies Ltd.

("Mobileye").  TRW seeks foreign discovery from Mobileye because Mobileye provides chipsets, software and algorithms used in both TRW's domestic industry product and Respondent Magna's Accused Products.

Accordingly, Mobileye is believed to be among the most knowledgeable about the functionality of the chipsets, software and algorithms contained in TRW's domestic industry products and Respondent Magna's Accused Products, and to have documents in its possession, custody, and control concerning these issues.  TRW made reasonable, good-faith efforts to exhaust all available means for obtaining the relevant information from Respondent Magna and Mobileye USA.  Respondent Magna's counsel has represented to TRW that Magna does not have access to Mobileye's algorithms and source code.  Mobileye USA's counsel (who also represents Mobileye Israel) represented that technical information sought (specific algorithms and source code) is not in the possession, custody or control of Mobileye USA, and Mobileye USA has no control over any other entity who might possess such information.  TRW understands on information and belief that documents concerning algorithms and corresponding source code and individuals knowledgeable on those issues reside in Israel with Mobileye.

Chief Administrative Law Judge Charles E. Bullock granted TRW's motion on March 6, 2014, recommending that the District Court for the District of Columbia issue the Letter of Request.

For the reasons set forth more fully in the accompanying memorandum, TRW respectfully requests that the Court assign a Judge to this matter and expedite the issuance of the attached Letter of Request to Mobileye.

March 14, 2014

Respectfully Submitted,

Lyle B. Vander Schaaf (DC Bar 422380)
Jay H. Reiziss
Carl C. Charneski
BRINKS GILSON & LIONE
1775 Pennsylvania Ave., NW
Suite 900
Washington, D.C. 20006-2219
Telephone: 202-296-8700
Facsimile: 202-296-8701

Allan J. Sternstein
Timothy K. Sendek
Michael S. Golenson
LATHROP & GAGE LLP
155 North Wacker Drive
Suite 3050
Chicago, Illinois 60606-1787
Telephone: 312-920-3306
Facsimile: 312-920-3301

*Counsel for Petitioner*
*TRW Automotive U.S. LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Case: 1:14-cv-00405
Assigned To : Huvelle, Ellen S.
Assign. Date : 3/14/2014
Description: Miscellaneous

**TRW Automotive U.S. LLC,**

                              **Petitioner,**

    **v.**

**Magna Electronics, Inc.,**

                              **Respondent.**

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE REGARDING MOBILEYE VISION TECHNOLOGIES LTD.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TRW AUTOMOTIVE U.S. LLC FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE REGARDING MOBILEYE VISION TECHNOLOGIES LTD.**

## TABLE OF CONTENTS

I.   THE DISTRICT COURT HAS AUTHORITY TO ISSUE LETTERS OF  REQUEST UNDER THE HAGUE CONVENTION .................................................................... 2

II.  MOBILEYE IS IN POSSESSION OF RELEVANT DOCUMENTS AND INFORMATION IN ISRAEL .......................................................................................... 4

III. THE LETTER OF REQUEST IS NECESSARY TO OBTAIN THE DOCUMENTS AND INFORMATION FROM MOBILEYE AND CONFORMS TO THE REQUIRED PROCEDURAL SAFEGUARDS ............................................................ 4

## TABLE OF AUTHORITIES

**Cases**

*Luzzi v. ATP Tour, Inc.*,
  2010 U.S. Dist. LEXIS 26296 (M.D. Florida 2010) ............................................................. 3
*Pronova BioPharma Norge AS v. Teva Pharm. USA, Inc.*
  (granting motion to issue Letters of Request to Sweden under Hague Convention, 708 F. Supp. 2d 450
  (D. Del. 2010)................................................................................................................. 3
*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa,*
  482 U.S. 522 (1987) ....................................................................................................2, 3
*Miller v. Holzmann,*
  No. 95-1231, 2006 WL 3093122 (D.D.C. Oct. 31, 2006) ........................................................ 3

**Statutes**

28 U.S.C. § 1781(b)(2)......................................................................................................2, 3

Petitioner TRW Automotive U.S. LLC ("TRW"), Complainant in *Certain Vision-Based Driver Assistance System Cameras and Components Thereof*, Inv. No. 337-TA-899 before the U.S. International Trade Commission ("ITC"), hereby submits this memorandum in support of its motion for this Court to issue, under its seal and signature, the attached Letter of Request on behalf of TRW to the appropriate judicial authority of Israel.

On March 5, 2014, Petitioner TRW moved in the ITC for the Chief Administrative Law Judge to recommend that this Court issue a Letter of Request on behalf of TRW to obtain certain information and deposition testimony from Mobileye Vision Technologies Ltd. ("Mobileye"), a foreign third party in Israel.  Respondent Magna Electronics, Inc. ("Magna") and the Commission Investigative Staff did not oppose the motion.  On March 6, 2014, Chief Administrative Law Judge Charles E. Bullock, based on his knowledge of this case, signed an order recommending that the U.S. District Court for the District of Columbia issue the Letter of Request on behalf of TRW.

The Letter of Request solicits assistance from Israel's Central Authority to obtain certain information and deposition testimony from Mobileye relevant to ITC Inv. No. 337-TA-899. TRW respectfully requests that the Court issue the attached Letter of Request.

The following documents are attached to this Memorandum:

- Proposed Order

- Request for International Assistance—Letter of Request

- Exhibit 1:  Order No. 5, Granting TRW's Motion Seeking Recommendation to the District Court for the District of Columbia to Issue a Letter of Request (March 6, 2014), signed by Chief Administrative Law Judge Charles E. Bullock.

    - Appendix A to Order No. 5: Recommendation by the Honorable Charles E. Bullock that the District Court for the District of Columbia issue a Letter of Request on behalf of TRW (March 6, 2014),  signed by Chief Administrative Law Judge Charles E. Bullock.

    o  Appendix B to Order No. 5: Request for International Assistance—Letter of Request

        ■  Attachment 1 to Order No. 5: Information and Documents or Other Property to be Produced by Mobileye Vision Technologies LTD.

        ■  Attachment 2 to Order No. 5: Topics for the Deposition of Mobileye

        ■  Attachment 3 to Order No. 5: U.S. International Trade Commission Protective Order for Guarding and Protecting Confidential Information

In support of this application, TRW respectfully states as follows.

## I.   THE DISTRICT COURT HAS AUTHORITY TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention, Art. 1. Both the United States and Israel are parties to the Hague Convention. Israel ratified the Hague Convention. *See* Hague Conf. on Private Int'l Law, Status Table, http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last updated August 28, 2012).

The Hague Convention authorizes the District Court for the District of Columbia to issue the Letter of Request. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa,* 482 U.S. 522, 535 (1987) (stating that "a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"); *see, e.g.,* 28 U.S.C. § 1781(b)(2) (permitting "the

transmittal of a letter rogatory or request directly from a tribunal in the United States to the

foreign or international tribunal, officer, or agency to whom it is addressed and its return in the

same manner" and reproducing the Hague Convention). The purpose of the Hague Convention is

to establish a system, based on international comity, that enables a requesting state to obtain

evidence abroad in a manner "tolerable" to the state executing the request. *See Societe Nationale*,

482 U.S. at 530.

Although the Administrative Law Judge and the Commission arguably might be able to

directly issue letters of request, the Israel Judicial Authorities are more likely to respond to a

Letter of Request from a District Court because the latter will be recognized as originating from

a civil case rather than an administrative case and a Request from a District Court will remove

any ambiguity in this regard. *See* U.S. Dep't of State, *Service of Process*, :

http://travel.state.gov/content/travel/english/legal-considerations/judicial/service-of-process.html

(last visited February 7, 2014); *see also, e.g.*, 28 U.S.C. § 1781(b)(2) (permitting "the transmittal

of a letter rogatory or request directly from a tribunal in the United States to the foreign or

international tribunal, officer, or agency to whom it is addressed and its return in the same

manner" and reproducing the Hague Convention).  Accordingly, TRW requests this Court to

issue the attached Letter of Request to the Israel Judicial Authorities on behalf of TRW. *See, e.g.,*

*Luzzi v. ATP Tour, Inc.*, 2010 U.S. Dist. LEXIS 26296, at *2-4 (M.D. Florida 2010) (granting

motion for issuance of letters rogatory and issuing letters of request to depose non-party

witnesses in Belgium, the United Kingdom, and Switzerland); *cf. Pronova BioPharma Norge AS*

*v. Teva Pharm. USA, Inc.* (granting motion to issue Letters of Request to Sweden under Hague

Convention, 708 F. Supp. 2d 450, 456 (D. Del. 2010); *Miller v. Holzmann*, No. 95-1231, 2006

WL 3093122 (D.D.C. Oct. 31, 2006) (granting motion to issue Letters of Request to Germany under Hague Convention).

## II.    MOBILEYE IS IN POSSESSION OF RELEVANT DOCUMENTS AND INFORMATION IN ISRAEL

TRW seeks foreign discovery from Mobileye because Mobileye provides chipsets software and algorithms used in both TRW's domestic industry product and Respondent Magna's Accused Products.  Mobileye is believed to be among the most knowledgeable about, and to have documents in its possession, custody, and control concerning TRW's domestic industry product and Respondent Magna's Accused Products. TRW understands on information and belief that documents concerning algorithms and corresponding source code and individuals knowledgeable on those issues reside in Israel with Mobileye.

## III.   THE LETTER OF REQUEST IS NECESSARY TO OBTAIN THE DOCUMENTS AND INFORMATION FROM MOBILEYE AND CONFORMS TO THE REQUIRED PROCEDURAL SAFEGUARDS

The attached Letter of Request should issue for several reasons. First, the deposition testimony and information requested in the Letter of Request are relevant to TRW's allegations in this investigation. TRW's complaint alleges that the Respondent Magna violates Section 337 by importing devices that infringe TRW's patent. TRW seeks information tailored to determine the operation and functionality of any processors and other components used in conjunction with Respondent's vision-based driver assistance system cameras and components thereof.  TRW also seeks information tailored to determine the operation and functionality of any processors and other components used in conjunction with TRW's vision-based driver assistance system cameras and components thereof for purposes of the domestic industry technical prong.  TRW

also seeks deposition testimony from Mobileye about these matters. TRW does not seek information the disclosure of which would compromise the security of Israel.

In accordance with Article 23 of the Hague Convention, Israel allows the execution of letters of request without a declaration for the purpose of obtaining pre-trial discovery of documents. *See* Israel, Practical Information, available at http://www.hcch.net/index_en.php?act=authorities.details&aid=502 (last visited February 20, 2014). The State of Israel declared that, in its quality as State of destination, it will, in what concerns Article 10, paragraphs b) and c) of the Convention, effect the service of judicial documents only through the Directorate of Courts, and only where an application for such service emanates from a judicial authority or from the diplomatic or consular representation of a Contracting State. *See*, Judicial officers or other competent persons, available at http://www.hcch.net/index_en.php?act=authorities.details&aid=260 (last visited February 20, 2014).

Regarding requests from U.S. Courts to obtain evidence abroad, Letter of Requests by parties in the United States pursuant to the Convention are transmitted by the requesting court directly to the foreign central authority. *See*, Dept. of State Manual vol. 7, at 9.

TRW made reasonable, good-faith efforts to exhaust all available means for obtaining the relevant information from Respondent Magna and Mobileye USA. Respondent Magna's counsel has represented to TRW that Magna does not have access to Mobileye's algorithms and source code. TRW also attempted to obtain the information (including source code and algorithms) sought in the Letter of Request by serving a subpoena *duces tecum and ad testificandum* on Mobileye USA. Mobileye USA's counsel (who also represents Mobileye Israel) represented that technical information sought (specific algorithms and source code) is not in the possession,

custody or control of Mobileye USA, and Mobileye USA has no control over any other entity who might possess such information.  TRW understands on information and belief that documents concerning algorithms and corresponding source code and individuals knowledgeable on those issues reside in Israel with Mobileye.

TRW is unable to obtain the testimony of the witness or the information by any other means, inasmuch as the relevant witness and information are in Israel and, upon information and belief, are not domiciled in the United States and thus are beyond the reach of the Commission's regular subpoena authority. Without the requested Mobileye information and witness, TRW's ability to demonstrate infringement and its satisfaction of the ITC domestic industry technical prong requirement for standing in this Investigation will be compromised.

TRW is fully prepared to meet the procedural requirements for obtaining evidence through a Letter of Request. The steps in the process of obtaining judicial assistance are:

- TRW must obtain a Letter of Request with a District Court judge's signature and the District Court's seal.

- The Letter of Request must include the identities of the parties, the nature of the proceedings, the discovery sought, special procedures, the identity of the party that will bear any costs, and other information as recommended by the Hague Convention. *See* Hague Convention, *Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters,* available at http://www.hcch.net/upload/actform20e.pdf (last visited February 20, 2014).

- District Court must transmit the letter to the Central Authority for Israel, for enforcement in an Israel court (through the U.S. Department of State or other diplomatic channels).

In view of the Hague Convention, TRW respectfully requests that the Court issue the attached Letter of Request directed to the Central Authority for Israel.

March 14, 2014

Respectfully Submitted,

Lyle B. Vander Schaaf (DC Bar 422380)
Jay H. Reiziss
Carl C. Charneski
BRINKS GILSON & LIONE
1775  Pennsylvania Ave., NW
Suite 900
Washington, D.C.  20006-2219
Telephone:  202-296-8700
Facsimile:  202-296-8701

Allan J. Sternstein
Timothy K. Sendek
Michael S. Golenson
LATHROP & GAGE LLP
155 North Wacker Drive
Suite 3540
Chicago, Illinois  60606-1787
Telephone:  312-920-3306
Facsimile:  312-920-3301

*Counsel for Petitioner*
*TRW Automotive U.S. LLC*

In the United States District Court
For the District of Columbia

TRW Automotive U.S. LLC,

Petitioner,

v.

MAGNA ELECTRONICS, INC.,

Respondent.

Misc. Action No. _____

**[PROPOSED] ORDER GRANTING MOTION OF TRW AUTOMOTIVE U.S. LLC FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE REGARDING MOBILEYE VISION TECHNOLOGIES LTD.**

This matter having arisen upon motion by petitioner TRW Automotive U.S. LLC for this Court to issue a Letter of Request to the Central Authority of Israel to procure evidence from Mobileye Vision Technologies Ltd, and it appearing that the Letter of Request is appropriate.

IT IS ORDERED, that the Clerk of this Court shall issue the Letter of Request in the form appearing at Petitioner's Motion for the Issuance of a Letter of Request for International Judicial Assistance Regarding Mobileye Vision Technologies Ltd. as Appendix B to Order No. 5: Request for International Assistance—Letter of Request.

Dated: _____

By: _____
United States District Judge

In the United States District Court
For the District of Columbia

|  |  |
|---|---|
| TRW Automotive U.S. LLC | Civil Action No. Misc. _____ |
| **Plaintiff (Complainant),** | |
| v. | |
| Magna Electronics, Inc. | |
| **Defendant (Respondent)** | |

### REQUEST FOR INTERNATIONAL ASSISTANCE – LETTER OF REQUEST

The United States District Court for the District of Columbia respectfully requests international judicial assistance to obtain evidence, under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to be used in an administrative proceeding as approved by this Court in the above captioned matter.

Based on the representations made by Complainant TRW Automotive U.S. LLC, this Court believes that Mobileye Vision Technologies Ltd. has knowledge regarding material facts and that it is in possession of documents and information that are relevant for the proper prosecution of the above captioned case. This Court requests the assistance described herein:

| | |
|---|---|
| 1. Sender | Allan J. Sternstein<br>Timothy K. Sendek<br>Michael S. Golenson<br>LATHROP & GAGE LLP<br>155 North Wacker Drive<br>Suite 3050<br>Chicago, Illinois 60606-1787 |

| | |
|---|---|
| 2. Central Authority of the Requested State | Tamar David<br>Shlomo Kaplan<br>Orah Blum<br><br>The Director of Courts<br>Directorate of Courts<br>Legal Assistance to Foreign Countries<br>22 Kanfei Nesharim<br>POB 34142<br>Jerusalem 95464<br>Israel<br>Phone: +972 (2) 655 6847<br>Fax: +972 (2) 655 6954<br>reign.countries@court.gov.il |
| 3. Person to whom the executed request is to be returned | Allan J. Sternstein<br>Timothy K. Sendek<br>Michael S. Golenson<br>LATHROP & GAGE LLP<br>155 North Wacker Drive<br>Suite 3050<br>Chicago, Illinois  60606-1787 |
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | March 31, 2014 |

In conformity with article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

| | |
|---|---|
| 5. a. Requesting judicial authority | United States District Court Judge U.S. District Court for the District of Columbia<br>333 Constitution Ave., N.W.<br>Washington, DC 20001<br>United States of America |
| b. To the competent authority of | Israel |

| | |
|---|---|
| c. Names of the case and any identifying number | *In the matter of Certain Vision-Based Driver Assistance System Cameras and Components Thereof, ITC Investigation No. 337-TA-899* |
| 6. Names and addresses of the parties and their representatives<br>a. Complainant | TRW Automotive U.S. LLC<br>12001 Tech Center Dr.,<br>Livonia, Michigan 48150,<br>United States of America<br><br>**COUNSEL FOR COMPLAINANT**<br><br>Allan J. Sternstein<br>Timothy K. Sendek<br>Michael S. Golenson<br>LATHROP & GAGE LLP<br>155 North Wacker Drive, Suite 3050<br>Chicago, Illinois 60606-1787<br>Telephone: 312-920-3306<br>Facsimile: 312-920-3301<br>(e-mail: 899TRW@LATHROP.COM)<br><br>Lyle B. Vander Schaaf<br>Jay H. Reiziss<br>Carl C. Charneski<br>BRINKS GILSON & LIONE<br>1775 Pennsylvania Ave., NW, Suite 900<br>Washington, D.C. 20006-2219<br>Telephone: 202-296-8700<br>Facsimile: 202-296-8701<br>(e-mail: 899TRWBrinks@brinksgilson.com) |
| b. Respondent | Magna Electronics, Inc.<br>601 Abbott Road, East Lansing, Michigan 48823, United States of America<br><br>**COUNSEL FOR RESPONDENT**<br><br>Steven E. Adkins<br>Molly A. Kelley<br>Allen & Overy LLP<br>1101 New York Avenue, NW<br>Washington, DC 20005,<br>United States of America. |

|  | (e-mail: ITC899@allenovery.com)<br><br>Terence J. Linn<br>Karl T. Ondersma<br>Gardner Linn Burkhart & Flory LLP<br>2851 Charlevoix Drive, SE, Suite 207<br>Grand Rapids, MI 49546,<br>United States of America.<br>(e-mail: Linn@glbf.com,<br>Ondersma@glbf.com, and Visser@glbf.com) |
|---|---|
| c. Other parties | Todd Taylor<br>Commission Investigative Attorney<br>Attorney Advisor<br>U.S. International Trade Commission<br>500 E Street, S.W.,<br>Washington, D.C. 20436,<br>United States of America.<br>(e-mail: Todd.Taylor@usitc.gov) |
| 7. Nature of the proceedings and summary of the facts | The nature of the proceedings for which the evidence is requested concerns a civil patent infringement lawsuit concerning U.S. Patent No. 6,807,287 (" '287 patent") based upon a complaint filed with the U.S. International Trade Commission by TRW Automotive U.S. LLC ("TRW") on September 20, 2013. The Complaint alleges that TRW has standing to bring the suit in the U.S. International Trade Commission because, *inter alia*, it practices the asserted patent in its domestic industry products and further alleges that Respondent Magna Electronics, Inc. ("Magna") imports and/or sells after importation certain vision-based driver assistance system cameras and components thereof that infringe the asserted '287 patent.<br><br>The United States International Commission (the "Commission") under Section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337), as amended, instituted proceedings based on TRW's Complaint and subsequently published notice of those proceedings in the *Federal* |

| | |
|---|---|
| | *Register.* 78 Fed. Reg. 68475 (Nov. 14, 2013). Upon institution, the proceeding was assigned to Chief Administrative Law Judge Honorable Charles E. Bullock to preside over pretrial matters, conduct a trial, and issue an initial determination on the merits of the investigation as to whether TRW has standing in the investigation by way of practicing the patent in its domestic industry products and whether Respondent Magna's accused products infringe the asserted patent. The initial determination of the Administrative Law Judge is subject to possible review by the Commission, with a right of appeal to the U.S. Court of Appeals for the Federal Circuit and further appeal to the Supreme Court of the United States.<br><br>Mobileye is a manufacturer of processors and other components used in the vision-based driver assistance system cameras and components thereof of TRW and Respondent Magna. TRW seeks information regarding processors, corresponding software, source code and algorithms used in Mobileye's processors and other components sold to TRW and Respondent Magna in their vision-based driver assistance system cameras and components thereof. Mobileye is believed to be the only knowledgeable entity concerning the operation and functionality of its processors and corresponding software, algorithms and source code. The information concerning Mobileye's processors and corresponding software and algorithms and source code are relevant to the issue of whether TRW's domestic industry products practice the '287 patent and whether Respondent Magna's Accused Products infringe the '287 Patent. |
| 8.  Evidence to be obtained and purpose | It is respectfully requested that a judicial authority of the Israel order Mobileye to produce documents and information, including source code and algorithms, and provide testimony as described in Attachments 1 and 2 hereto, related to Mobileye's processors and |

| | |
|---|---|
| | other components supplied to TRW and Respondent Magna.  TRW does not seek information the disclosure of which would compromise the security of Israel. |
| 9.  Identity and address of any person to be examined | **Mobileye Vision Technologies Ltd.**<br>13 Hatom Street<br>Har Hotzvim<br>Jerusalem 97775, ISRAEL |
| 10.  Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined | Please see attached list of topics at Attachment 2. |
| 11.  Documents or other property to be inspected | Please see attached list at Attachment 1. |
| 12.  Any requirement that the evidence be given on oath or affirmation and any special form to be used | It is respectfully requested that an examiner or other appropriate judicial officer of the Israel direct that the witness be duly sworn in accordance with the applicable procedures of Israel, and that the testimony be taken and transcribed by a qualified court reporter and videographer chosen by TRW's representatives. It is further requested that the transcription of the deposition be in the English language if allowable under the local law. |
| 13.  Special methods or procedure to be followed | It is requested that: (1) Mobileye be required to designate one or more officers, directors, managing agents, employees, or other person(s) who have personal knowledge of the issue topics listed in Attachment 2 to testify on behalf of Mobileye on the topics listed in Attachment 2; (2) Mobileye be required to identify the person or persons who will testify pursuant to this Request and the matter or matters listed in Attachment 2 about which each person will testify; (3) the parties' representatives or their designees, attorneys, their interpreters, and a stenographer be |

| | |
|---|---|
| | permitted to be present during the examination; (4) there be excluded from the examination, if permitted under the law of Israel, all persons other than the Mobileye's representatives, the parties' attorneys, their interpreters, the stenographer, and any official of the court of Israel required to be present during such proceedings who will be covered by and bound by the Protective Order provided in Attachment 3; (5) the stenographer be permitted to record verbatim the examinations; (6) the attorneys conducting the examinations be permitted to ask questions regarding the topics listed in Attachment 2; (7) the examination be conducted orally; (8) seven (7) hours be allotted for each day of the examination of each witness; (9) the witnesses be examined as soon as practicable; (10) the documents and property requested in Attachment 1 be provided to Complainant no later than twenty-one (21) days prior to the deposition at a convenient location to be mutually determined; and (11) any confidential or business proprietary information of Mobileye Vision Technologies Ltd. be protected and guarded throughout any proceedings pursuant to the Protective Order in Attachment 3 to which counsel of record and the stenographer are signatories. |
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified | Complainant c/o their representatives and counsel, as identified above. |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request | None |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The witness may refuse to give evidence only |

|  | insofar as he or she has a privilege or duty to refuse to give evidence under the laws of the United States or the laws of Israel. |
|---|---|
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Complainant c/o their representatives and counsel, as identified above. |
| Date of Request | 5th day of March , 2014 |
| Signature and Seal of the Requesting Authority | _____<br><br>United States District Court Judge<br>U.S. District Court for the District of Columbia |

| Attachments: Attachment 1, Documents, Information or Other Property to be Produced by Mobileye; Attachment 2, Topics for the Deposition of Mobileye; Attachment 3, U.S. International Trade Commission Protective Order – for guarding and protecting confidential information |
|---|

# EXHIBIT 1

**ITC'S ORDER NO. 5: GRANTING TRW'S MOTION SEEKING RECOMMENDATION TO THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE A LETTER OF REQUEST (MARCH 6, 2014), SIGNED BY CHIEF ADMINISTRATIVE LAW JUDGE CHARLES E. BULLOCK.**

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

In the Matter of

**CERTAIN VISION-BASED DRIVER
ASSISTANCE SYSTEM CAMERAS AND
COMPONENTS THEREOF**

Inv. No. 337-TA-899

ORDER 5:     GRANTING COMPLAINANT TRW AUTOMOTIVE U.S. LLC'S
MOTION SEEKING RECOMMENDATION TO THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA TO ISSUE A LETTER OF
REQUEST

(March 6, 2014)

On March 5, 2014, Complainant TRW Automotive U.S. LLC ("TRW") filed a motion

(899-002) seeking issuance of a recommendation that the District Court for the District of

Columbia issue a Letter of Request on behalf of TRW to obtain certain information and

deposition testimony from Mobileye Vision Technologies Ltd., a foreign third party.  According

to TRW's motion, Respondent and the Commission Investigative Staff do not oppose the

motion.

Accordingly, the motion (899-002) is hereby granted.  Said recommendation is attached

hereto as Appendix A.

**SO ORDERED.**

Charles E. Bullock
Chief Administrative Law Judge

# Appendix A

In the United States District Court
For the District of Columbia

| | |
|---|---|
| In The Matter of: | Civil Action No. Misc. _____ |
| CERTAIN VISION-BASED DRIVER ASSISTANCE SYSTEM CAMERAS AND COMPONENTS THEREOF, INV. NO. 337-TA-899 | RECOMMENDATION FOR ISSUANCE OF A LETTER OF REQUEST<br><br>DEPONENT:  MOBILEYE VISION TECHNOLOGIES LTD. |

### LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The undersigned Administrative Law Judge finds that the evidence Complainant TRW Automotive U.S. LLC ("TRW") seeks pursuant to its Proposed Letter of Request is reasonably necessary to fully investigate TRW's claims of infringement against Respondent Magna Electronics, Inc. ("Magna") and that it has standing under the domestic industry technical prong requirement of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337). The issuance of the Letter of Request is warranted for several reasons. First, the deposition testimony and information requested in the Letter of Request are relevant to TRW's allegations in this investigation. TRW's complaint alleges that the Respondent Magna violates Section 337 by importing devices that infringe TRW's patent. TRW seeks information tailored to determine the operation and functionality of any processors and other components used in conjunction with Respondent's vision-based driver assistance system cameras and components thereof. TRW also seeks information tailored to determine the operation and functionality of any processors and other components used in conjunction with TRW's vision-based driver assistance system

cameras and components thereof for purposes of the domestic industry technical prong. TRW also seeks deposition testimony from Mobileye about these matters. TRW does not seek information the disclosure of which would compromise the security of Israel.

In accordance with Article 23 of the Hague Convention, Israel allows the execution of letters of request without a declaration for the purpose of obtaining pre-trial discovery of documents. *See* Israel, Practical Information, http://www.hcch.net/index_en.php?act=authorities.details&aid=502 (last visited February 20, 2014). The State of Israel declared that, in its quality as State of destination, it will, in what concerns Article 10, paragraphs b) and c) of the Convention, effect the service of judicial documents only through the Directorate of Courts, and only where an application for such service emanates from a judicial authority or from the diplomatic or consular representation of a Contracting State. *See*, Judicial officers or other competent persons, http://www.hcch.net/index_en.php?act=authorities.details&aid=260 (last visited February 20, 2014).

Regarding requests from U.S. Courts to obtain evidence abroad, Letter of Requests by parties in the United States pursuant to the Convention are transmitted by the requesting court directly to the foreign central authority. *See*, Dept. of State Manual vol. 7, at 9.

TRW is unable to obtain the testimony of the witness or the information by any other means, inasmuch as the relevant witness and information are in Israel and, upon information and belief, are not domiciled in the United States and thus are beyond the reach of the Commission's regular subpoena authority. Without the requested Mobileye information and witness, TRW's ability to demonstrate infringement and its satisfaction of the domestic industry technical prong in this Investigation will be compromised. Accordingly, the undersigned recommends that the

District Court for the District of Columbia issue, under its seal and signature, the attached Letter of Request to the appropriate Central Authority in Israel.

A Letter of Request is the appropriate method of gathering necessary evidence outside of the United States. Rule 28(b) of the Federal Rules of Civil Procedure contemplates gathering evidence through a deposition in a foreign country pursuant to a properly issued and appropriate letter of request. *See* Fed. R. Civ. P. 28 ("A deposition may be taken in a foreign country . . . under a letter of request . . . . A [letter of request] may be issued: (A) on appropriate terms after an application and notice of it."). Moreover, TRW must transmit the Letter of Request through the District Court with a District Court Judge's signature and the District Court's seal to the Central Authority for Israel for enforcement in an Israel court. In this case, TRW's Proposed Letter of Request solicits international judicial assistance in obtaining relevant evidence abroad needed for the pending investigation into alleged patent infringing imports of certain vision-based driver assistance system cameras and meets the standards set forth for Letters of Request according to the United States Department of State and the Hague Convention. *See* U.S. Department of State, Israel Judicial Assistance at

http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/israel.html. (last visited February 20, 2014). In order to comply with time limitations on International Trade Commission investigations, the undersigned respectfully requests the Court to assign a judge and expedite the issuance of the Letter of Request.

Respectfully submitted this 6th day of March, 2014

Charles E. Bullock
Chief Administrative Law Judge
United States International Trade Commission
500 E Street, S.W., Room 317
Washington, D.C. 20436

Address for Return of Issued Letter of Request:

Allan J. Sternstein
Timothy K. Sendek
Michael S. Golenson
LATHROP & GAGE LLP
155 North Wacker Drive
Suite 3050
Chicago, Illinois 60606-1787
Telephone: 312-920-3306
Facsimile: 312-920-3301

4

# APPENDIX B

In the United States District Court
For the District of Columbia

| | |
|---|---|
| TRW Automotive U.S. LLC<br><br>          **Plaintiff (Complainant),**<br><br>   v.<br><br>Magna Electronics, Inc.<br><br>         **Defendant (Respondent)** | Civil Action No. Misc. _____ |

### REQUEST FOR INTERNATIONAL ASSISTANCE – LETTER OF REQUEST

The United States District Court for the District of Columbia respectfully requests international judicial assistance to obtain evidence, under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to be used in an administrative proceeding as approved by this Court in the above captioned matter.

Based on the representations made by Complainant TRW Automotive U.S. LLC, this Court believes that Mobileye Vision Technologies Ltd. has knowledge regarding material facts and that it is in possession of documents and information that are relevant for the proper prosecution of the above captioned case. This Court requests the assistance described herein:

| | |
|---|---|
| 1. Sender | Allan J. Sternstein<br>Timothy K. Sendek<br>Michael S. Golenson<br>LATHROP & GAGE LLP<br>155 North Wacker Drive<br>Suite 3050<br>Chicago, Illinois  60606-1787 |

| | |
|---|---|
| 2. Central Authority of the Requested State | Tamar David<br>Shlomo Kaplan<br>Orah Blum<br><br>The Director of Courts<br>Directorate of Courts<br>Legal Assistance to Foreign Countries<br>22 Kanfei Nesharim<br>POB 34142<br>Jerusalem 95464<br>Israel<br>Phone: +972 (2) 655 6847<br>Fax: +972 (2) 655 6954<br>reign.countries@court.gov.il |
| 3. Person to whom the executed request is to be returned | Allan J. Sternstein<br>Timothy K. Sendek<br>Michael S. Golenson<br>LATHROP & GAGE LLP<br>155 North Wacker Drive<br>Suite 3050<br>Chicago, Illinois  60606-1787 |
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | March 31, 2014 |
| In conformity with article 3 of the Convention, the undersigned applicant has the honor to submit the following request: | |
| 5. a. Requesting judicial authority | United States District Court Judge U.S. District Court for the District of Columbia<br>333 Constitution Ave., N.W.<br>Washington, DC 20001<br>United States of America |
| b. To the competent authority of | Israel |

| | |
|---|---|
| c. Names of the case and any identifying number | *In the matter of Certain Vision-Based Driver Assistance System Cameras and Components Thereof, ITC Investigation No. 337-TA-899* |
| 6. Names and addresses of the parties and their representatives<br>a. Complainant | TRW Automotive U.S. LLC<br>12001 Tech Center Dr.,<br>Livonia, Michigan 48150,<br>United States of America<br><br>**COUNSEL FOR COMPLAINANT**<br><br>Allan J. Sternstein<br>Timothy K. Sendek<br>Michael S. Golenson<br>LATHROP & GAGE LLP<br>155 North Wacker Drive, Suite 3050<br>Chicago, Illinois 60606-1787<br>Telephone: 312-920-3306<br>Facsimile: 312-920-3301<br>(e-mail: 899TRW@LATHROP.COM)<br><br>Lyle B. Vander Schaaf<br>Jay H. Reiziss<br>Carl C. Charneski<br>BRINKS GILSON & LIONE<br>1775 Pennsylvania Ave., NW, Suite 900<br>Washington, D.C. 20006-2219<br>Telephone: 202-296-8700<br>Facsimile: 202-296-8701<br>(e-mail: 899TRWBrinks@brinksgilson.com) |
| b. Respondent | Magna Electronics, Inc.<br>601 Abbott Road, East Lansing, Michigan 48823, United States of America<br><br>**COUNSEL FOR RESPONDENT**<br><br>Steven E. Adkins<br>Molly A. Kelley<br>Allen & Overy LLP<br>1101 New York Avenue, NW<br>Washington, DC 20005,<br>United States of America. |

| | |
|---|---|
| | (e-mail: ITC899@allenovery.com) <br><br> Terence J. Linn <br> Karl T. Ondersma <br> Gardner Linn Burkhart & Flory LLP <br> 2851 Charlevoix Drive, SE, Suite 207 <br> Grand Rapids, MI 49546, <br> United States of America. <br> (e-mail: Linn@glbf.com, <br> Ondersma@glbf.com, and Visser@glbf.com) |
| c.  Other parties | Todd Taylor <br> Commission Investigative Attorney <br> Attorney Advisor <br> U.S. International Trade Commission <br> 500 E Street, S.W., <br> Washington, D.C. 20436, <br> United States of America. <br> (e-mail: Todd.Taylor@usitc.gov) |
| 7.  Nature of the proceedings and summary of the facts | The nature of the proceedings for which the evidence is requested concerns a civil patent infringement lawsuit concerning U.S. Patent No. 6,807,287 (" '287 patent") based upon a complaint filed with the U.S. International Trade Commission by TRW Automotive U.S. LLC ("TRW") on September 20, 2013. The Complaint alleges that TRW has standing to bring the suit in the U.S. International Trade Commission because, *inter alia*, it practices the asserted patent in its domestic industry products and further alleges that Respondent Magna Electronics, Inc. ("Magna") imports and/or sells after importation certain vision-based driver assistance system cameras and components thereof that infringe the asserted '287 patent. <br><br> The United States International Commission (the "Commission") under Section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337), as amended, instituted proceedings based on TRW's Complaint and subsequently published notice of those proceedings in the *Federal* |

| | |
|---|---|
| | *Register.* 78 Fed. Reg. 68475 (Nov. 14, 2013). Upon institution, the proceeding was assigned to Chief Administrative Law Judge Honorable Charles E. Bullock to preside over pretrial matters, conduct a trial, and issue an initial determination on the merits of the investigation as to whether TRW has standing in the investigation by way of practicing the patent in its domestic industry products and whether Respondent Magna's accused products infringe the asserted patent. The initial determination of the Administrative Law Judge is subject to possible review by the Commission, with a right of appeal to the U.S. Court of Appeals for the Federal Circuit and further appeal to the Supreme Court of the United States.<br><br>Mobileye is a manufacturer of processors and other components used in the vision-based driver assistance system cameras and components thereof of TRW and Respondent Magna.  TRW seeks information regarding processors, corresponding software, source code and algorithms used in Mobileye's processors and other components sold to TRW and Respondent Magna in their vision-based driver assistance system cameras and components thereof.  Mobileye is believed to be the only knowledgeable entity concerning the operation and functionality of its processors and corresponding software, algorithms and source code.  The information concerning Mobileye's processors and corresponding software and algorithms and source code are relevant to the issue of whether TRW's domestic industry products practice the '287 patent and whether Respondent Magna's Accused Products infringe the '287 Patent. |
| 8.  Evidence to be obtained and purpose | It is respectfully requested that a judicial authority of the Israel order Mobileye to produce documents and information, including source code and algorithms, and provide testimony as described in Attachments 1 and 2 hereto, related to Mobileye's processors and |

| | |
|---|---|
| | other components supplied to TRW and Respondent Magna. TRW does not seek information the disclosure of which would compromise the security of Israel. |
| 9. Identity and address of any person to be examined | **Mobileye Vision Technologies Ltd.**<br>13 Hatom Street<br>Har Hotzvim<br>Jerusalem 97775, ISRAEL |
| 10. Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined | Please see attached list of topics at Attachment 2. |
| 11. Documents or other property to be inspected | Please see attached list at Attachment 1. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used | It is respectfully requested that an examiner or other appropriate judicial officer of the Israel direct that the witness be duly sworn in accordance with the applicable procedures of Israel, and that the testimony be taken and transcribed by a qualified court reporter and videographer chosen by TRW's representatives. It is further requested that the transcription of the deposition be in the English language if allowable under the local law. |
| 13. Special methods or procedure to be followed | It is requested that: (1) Mobileye be required to designate one or more officers, directors, managing agents, employees, or other person(s) who have personal knowledge of the issue topics listed in Attachment 2 to testify on behalf of Mobileye on the topics listed in Attachment 2; (2) Mobileye be required to identify the person or persons who will testify pursuant to this Request and the matter or matters listed in Attachment 2 about which each person will testify; (3) the parties' representatives or their designees, attorneys, their interpreters, and a stenographer be |

| | |
|---|---|
| | permitted to be present during the examination; (4) there be excluded from the examination, if permitted under the law of Israel, all persons other than the Mobileye's representatives, the parties' attorneys, their interpreters, the stenographer, and any official of the court of Israel required to be present during such proceedings who will be covered by and bound by the Protective Order provided in Attachment 3; (5) the stenographer be permitted to record verbatim the examinations; (6) the attorneys conducting the examinations be permitted to ask questions regarding the topics listed in Attachment 2; (7) the examination be conducted orally; (8) seven (7) hours be allotted for each day of the examination of each witness; (9) the witnesses be examined as soon as practicable; (10) the documents and property requested in Attachment 1 be provided to Complainant no later than twenty-one (21) days prior to the deposition at a convenient location to be mutually determined; and (11) any confidential or business proprietary information of Mobileye Vision Technologies Ltd. be protected and guarded throughout any proceedings pursuant to the Protective Order in Attachment 3 to which counsel of record and the stenographer are signatories. |
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified | Complainant c/o their representatives and counsel, as identified above. |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request | None |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The witness may refuse to give evidence only |

|  | insofar as he or she has a privilege or duty to refuse to give evidence under the laws of the United States or the laws of Israel. |
|---|---|
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Complainant c/o their representatives and counsel, as identified above. |
| Date of Request | 5th day of March , 2014 |
| Signature and Seal of the Requesting Authority | _____<br><br>United States District Court Judge<br>U.S. District Court for the District of Columbia |
| Attachments: Attachment 1, Documents, Information or Other Property to be Produced by Mobileye; Attachment 2, Topics for the Deposition of Mobileye; Attachment 3, U.S. International Trade Commission Protective Order -- for guarding and protecting confidential information ||

# ATTACHMENT 1

**INFORMATION AND DOCUMENTS OR OTHER PROPERTY TO BE PRODUCED BY
MOBILEYE VISION TECHNOLOGIES LTD.**

INFORMATION AND DOCUMENTS OR OTHER PROPERTY TO BE PRODUCED BY

MOBILEYE VISION TECHNOLOGIES LTD.

### DEFINITIONS INSTRUCTIONS

1.  "Magna" or "Respondent" means Magna Electronics Inc., and any of its present or former affiliates, predecessors, successors, subsidiaries, assigns, employees, agents, representatives, directors or officers, attorneys, or any other Person acting on behalf or under the control of Magna.

2.  "TRW" or "Complainant" means TRW Automotive US LLC.

3.  "Mobileye" "You," "Your," or "Yours" means Mobileye Vision Technologies Ltd., and any of its present or former affiliates, predecessors, successors, subsidiaries, assigns, employees, agents, representatives, directors or officers, attorneys, or any other Person acting on behalf or under the control of Mobileye.

4.  "Asserted Patent" means United States Patent No. 6,807,287 (the '287 patent).

5.  "Documents" has the broadest possible meaning under the United States Federal Rule of Civil Procedure 34, and includes (a) anything, any written or graphic matter, and any medium of any type or description upon which intelligence or information is noted or recorded, or from which intelligence or information can be perceived or accessed, including computer, magnetic, optical and any other electronic or non-electronic media, including source code or algorithms, and (b) the original and any non-identical copy (whether different from the original because of notes made on said copy or otherwise) of any document.

6.  "Information and Documents" includes all things covered by "Documents" immediately above and includes, in particular, software, source code and algorithms.

7.  "Identify," when used with respect to a document, subject to the option to produce records under Rule 33(d) of the Federal Rules of Civil Procedure, means to provide information sufficient to locate that document.

8.  "Identify" when used with reference to a natural person, means to state the person's (i) full name; (ii) present or last known address; (iii) present or last known occupation and title; (iv) present or last known employer and business address; and (v) present or last known home and business telephone numbers.

9.  The term "relating" or "related" means analyzing, assessing, comprising, containing, constituting, describing, discussing, establishing, evidencing, identifying, including, referring, regarding, reflecting, recording, stating, or having any connection with.

10.     "Thing" means any tangible object, including back-up tapes or disks, hard disks, floppy disks, CD ROMs, software or software disks, electronic files, electronic database files, prototypes, models, molds, and samples of any device, product, apparatus, or program.

11.     "Magna Product(s)" means any Magna forward-facing vehicle vision system, any vehicle vision system by Magna or its affiliates including but not limited to Magna's Forward Facing Imager and versions thereof and any Magna product which include Mobileye software or chipsets.

12.     "TRW Product(s)" means TRW's forward facing driver assistance system, including its S-Cam or Scalable Camera.

## INFORMATION AND DOCUMENTS REQUESTED

**REQUEST TO PRODUCE 1:**     All Documents comprising agreements with Magna.

**REQUEST TO PRODUCE 2:**     All Documents comprising communications with Niall Lynam.

**REQUEST TO PRODUCE 3:**     Information and documents sufficient to show all algorithms and corresponding source code for any software or chipsets Mobileye has provided to or will provide to TRW and/or Magna for these parties' respective vision-based driver assistance system cameras and components thereof as related to detection, analysis, and / or measurement of lane marking features.

**REQUEST TO PRODUCE 4:**     Information and documents sufficient to show the development, design, schematics and functionality of the EyeQ series chipsets and corresponding software Mobileye has provided to or will provide to TRW and/or Magna.

**REQUEST TO PRODUCE 5:**     Information and documents sufficient to show how the EyeQ series chip sets and corresponding software operate with respect to both TRW's Scalable Camera or "S-Cam" forward-facing driver assistance system and Magna Products

which include Mobileye software or chipsets as related to detection, analysis, and / or measurement of lane marking features.

**REQUEST TO PRODUCE 6:**    Information and documents sufficient to show the algorithms in source code or products Mobileye has provided or will provide to TRW and/or Magna for use in these parties' respective products disclosing or relating to detection of lane markers, generation of a lane marking model, or estimating the skeleton of a roadway.

**REQUEST TO PRODUCE 7:**    Information and documents sufficient to show the functionality of algorithms Mobileye has provided or will provide to TRW and/or Magna used in these parties' respective products disclosing or relating to detection of lane markers, generation of a lane marking model, or estimating the skeleton of a roadway.

# ATTACHMENT 2

## TOPICS FOR THE DEPOSITION OF MOBILEYE

## TOPICS FOR THE DEPOSITION OF MOBILEYE

### DEFINITIONS INSTRUCTIONS

The definitions and instructions set forth in Attachment 1 are incorporated herein by reference.

### TOPICS

1. Image exposure control used in products sold to TRW or Magna.

2. Construction and function of Mobileye's EyeQ series products used in TRW or Magna Products.

3. Communications between Amon Shashua at Mobileye and Niall Lynam at Magna.

5. The algorithms and corresponding source code for any software or chipsets Mobileye provided to or will provide to Magna or TRW for these parties' respective vision-based driver assistance system cameras and components thereof as related to detection, analysis, and / or measurement of lane marking features.

6. The development, design, schematics and functionality of the EyeQ series chip sets Mobileye provided to or will provide to Magna or TRW for these parties' respective vision-based driver assistance system cameras and components thereof as related to detection, analysis, and / or measurement of lane marking features.

7. How the EyeQ series chip sets operate with respect to both TRW's Scalable Camera or "S-Cam" forward-facing driver assistance system and Magna Products which include Mobileye software or chipsets as related to detection, analysis, and / or measurement of lane marking features.

8. Algorithms provided to TRW or used in TRW Products or provided to Magna or used in Magna Products disclosing or relating to detection of lane markers, generation of a lane marking model, or estimating the skeleton of a roadway.

# ATTACHMENT 3

**U.S. INTERNATIONAL TRADE COMMISSION PROTECTIVE ORDER FOR
GUARDING AND PROTECTING CONFIDENTIAL INFORMATION**

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

In the Matter of

CERTAIN VISION-BASED DRIVER
ASSISTANCE SYSTEM CAMERAS AND
COMPONENTS THEREOF

Inv. No. 337-TA-899

## ORDER NO. 1: PROTECTIVE ORDER

(November 14, 2013)

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information. The term "confidential business information" includes "proprietary information" within the meaning of section 777(b) of the Tariff

Act of 1930 (19 U.S.C. § 1677f(b)).

2(a).  Any information submitted, in pre hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice.  Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b).  The Administrative Law Judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein.  If such a determination is made by the Administrative Law Judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3.  In the absence of written permission from the supplier or an order by the Commission or the Administrative Law Judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (I) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed

by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any

domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or

component parts which are the subject of this investigation); (iv) the Commission, the

Administrative Law Judge, the Commission staff, and personnel of any governmental agency as

authorized by the Commission; and (v) the Commission, its employees, and contract personnel who

are acting in the capacity of Commission employees, for developing or maintaining the records of

this investigation or related proceedings for which this information is submitted, or in internal audits

and investigations relating to the programs and operations of the Commission pursuant to 5 U.S.C.

Appendix 3,[1]

4.   Confidential business information submitted in accordance with the provisions of

paragraph 2 above shall not be made available to any person designated in paragraph 3(I)[2] and (iii)

unless he or she shall have first read this order and shall have agreed, by letter filed with the

Secretary of this Commission:   (I) to be bound by the terms thereof; (ii) not to reveal such

confidential business information to anyone other than another person designated in paragraph 3; and

(iii) to utilize such confidential business information solely for purposes of this investigation.

5.   If the Commission or the Administrative Law Judge orders, or if the supplier and all

parties to the investigation agree, that access to, or dissemination of information submitted as

confidential business information shall be made to persons not included in paragraph 3 above, such

matter shall only be accessible to, or disseminated to, such persons based upon the conditions

pertaining to, and obligations arising from this order, and such persons shall be considered subject

---

[1]        *See* Commission Administrative Order 97-06 (Feb. 4, 1997).
[2]        Necessary secretarial and support personnel assisting counsel need not sign onto the protective order
themselves because they are covered by counsel's signing onto the protective order.

to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6. Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

-4-

8.  The Commission, the Administrative Law Judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the Administrative Law Judge.  When such information is made part of a pleading or is offered into the evidentiary record, the data set forth in 19 C.F.R. § 201.6 must be provided except during the time that the proceeding is pending before the Administrative Law Judge.  During that time, the party offering the confidential business information must, upon request, provide a statement as to the claimed basis for its confidentiality.

9.  Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the Administrative Law Judge that information designated as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and the Commission investigative attorney shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation:  (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access to such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to redesignate or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such

confidential business information.

10. If while an investigation is before the Administrative Law Judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter. The Administrative Law Judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11. No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure.

If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative Law Judge for a ruling. If the investigation is before the Commission the matter shall be submitted to the Commission for resolution. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the Administrative Law Judge. The terms of this paragraph shall be inapplicable to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14. Upon final termination of this investigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and

certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other record keeping purposes, but may destroy those additional copies in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17. The Secretary shall serve a copy of this order upon all parties.

Charles E. Bullock
Chief Administrative Law Judge

Attachment A

NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

I, _____ , do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in the matter of Certain XYZ Investigation, Investigation No. 337-TA-XXX, except as permitted in the protective order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed _____

Dated _____

Firm or affiliation _____

CERTAIN VISION-BASED DRIVER ASSISTANCE          Inv. No. 337-TA-899
SYSTEM CAMERAS AND COMPONENTS THEREOF

## PUBLIC CERTIFICATE OF SERVICE

· I, Lisa R. Barton, hereby certify that the attached **ORDER NO. 5** has been served by hand upon the Commission Investigative Attorney, Todd Taylor, Esq., and the following parties as indicated, on **MAR 0 6 2014** ·

Lisa R. Barton, Acting Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

### On Behalf of Complainant TRW Automotive U.S. LLC:

Allan J. Sternstein, Esq.                              (  ) Via Hand Delivery
155 North Wacker Drive                             (  ) Via Express Delivery
**LATHROP & GAGE LLP**                          (X) Via First Class Mail
Suite 3050                                                   (  ) Other:_____
Chicago, IL 60606-1787

### On Behalf of Respondent Magna Electronics, Inc.:

Steven E. Adkins, Esq.                                 (  ) Via Hand Delivery
**ALLEN & OVERY LLP**                             (  ) Via Express Delivery
1101 New York Avenue, NW                        (X) Via First Class Mail
Washington, DC 20005                                (  ) Other:_____

## CERTIFICATE OF SERVICE

I, Rayline Petitt, certify that a copy of MOTION OF TRW AUTOMOTIVE U.S. LLC FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE REGARDING MOBILEYE VISION TECHNOLOGIES LTD. was served as indicated to the parties listed below on this 14th day of March, 2014.

| *Counsel for Mobileye Vision Technologies Ltd. and Mobileye Inc. U. S.A.* | |
| --- | --- |
| Gerson S. Panitch<br>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br><br>*Counsel for:*<br><br>Mobileye Vision Technologies Ltd.<br>13 Hatom Street<br>Har Hotzvim<br>Jerusalem 97775, ISRAEL<br>and<br><br>Mobileye Inc. U.S.A.<br>99 Jericho Turnpike<br>Jericho, N.Y. 11753<br>1-877-867-4900 | (  ) Via First Class Mail<br>( X ) Via Federal Express<br>(  ) Via Hand Delivery<br>(  ) Via Facsimile<br>(  ) Via E-Mail |
| *International Trade Commission* | |
| The Honorable Charles E. Bullock<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 317<br>Washington, D.C. 20436 | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>( X ) Via Hand Delivery (2 copies)<br>(  ) Via Facsimile<br>(  ) Via E-Mail |
| Irina Kushner<br>Attorney Advisor<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 317<br>Washington, D.C. 20436<br>(Irina.Kushner@usitc.gov) | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>(  ) Via Hand Delivery<br>(  ) Via Facsimile<br>( X ) Via E-Mail |

| *Office of Unfair Import Investigation* | |
|---|---|
| Todd Taylor<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436<br>(Todd.Tayor@usitc.gov) | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>(  ) Via Hand Delivery<br>(  ) Via Facsimile<br>( X ) Via E-Mail |
| *Counsel for Respondent Magna Electronics, Inc.* | |
| Steven E. Adkins<br>Molly A. Kelley<br>Allen & Overy LLP<br>1101 New York Avenue, NW<br>Washington, DC 20005<br>(ITC899@allenovery.com) | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>(  ) Via Hand Delivery<br>(  ) Via Facsimile<br>( X ) Via E-Mail |
| Terence J. Linn<br>Karl T. Ondersma<br>Gardner Linn Burkhart & Flory LLP<br>2851 Charlevoix Drive, SE, Suite 207<br>Grand Rapids, MI  49546<br>(Linn@glbf.com, Ondersma@glbf.com *and*<br>Visser@glbf.com) | (  ) Via First Class Mail<br>(  ) Via Federal Express<br>(  ) Via Hand Delivery<br>(  ) Via Facsimile<br>( X ) Via E-Mail |

*/s/ Rayline Petitt*
Rayline Petitt